IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNESTO SIFUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17- CV - 133 |
| vs. | ) | |
| | ) | |
| THE AUTOCLINIC CALUMET CITY, INC | ) | |
| And | ) | |
| RONALD W CARTER | ) | |
| Named as an individual Defendant | ) | |
| As an employer Under FLSA and IWPCA | ) | |
| As Employers | ) The **Honorable** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | **ON ALL COUNTS** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FLSA COMPLAINT**

NOW COMES BEFORE THIS HONORABLE COURT, Plaintiff, ERNESTO SIFUENTES, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and the Illinois Minimum Wage and Overtime Wage Law (hereinafter "IMWL" ) and state wage laws brings this cause of action against Defendant THE AUTOCLINIC CALUMET CITY, INC., (hereinafter "Auto Clinic" and/or "Defendant") RONALD W CARTER named as an individual Defendant as an employer Under FLSA and IWML As an Employer, (Hereinafter referred to as "Carter") and in so doing states the following:

1

## NATURE OF THE ACTIONS

1. Plaintiff, ERNESTO SIFUENTES, (Hereinafter referred to as "SIFUENTES") alleges that under both federal and state wage laws are entitled to be paid for all hours worked and to receive overtime pay for all hours worked over forty (40) hours per week. Plaintiff alleges that during the relevant times described herein Defendant of misclassifying the Plaintiff as an "exempt" employee for the purpose of federal and state overtime law in order to save overtime wages by requiring Plaintiff to work in excess of forty (40) hours per week without paying time-and-a-half for all hours worked in excess of forty (40) hours.

2. Plaintiff, in his claim, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties and because the action involves a federal statute, 29 U.S.C. 216(b) and 29 U.S.C. 215(1)(3). The Plaintiff does not bring any claims under any collective bargaining agreement.

4. The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. 2201 and 2202.

5. Venue is proper in this District. Defendant does business in Illinois and Plaintiffs worked in the State of Illinois.

## THE PARTIES

6. Plaintiff is former employees of Defendant, who, within the applicable period of limitations prior to the commencement of this action, were unlawfully deprived of wages due and owing to him by Defendant.

7. Defendant, Auto Clinic is a small chain of automobile repair shops with three to four locations in the Southwest side/suburbs of Chicago.

8. Plaintiff notes that all locations operate as one entity, as demonstrated by the work at both locations by single owner and other combined operations.

9. Defendant Carter (hereinafter "Individual Defendant") manage and control the operation of the Defendant's business and dictates the employment policies of the Defendant including but not limited to the decision to classify Plaintiff as "salaried" and to pay Plaintiff a salary and no overtime wages.

10. Independent Defendant made the decision to classify Plaintiff as an Exempt employee and/or as "salaried" and to pay Plaintiff a salary and no overtime wages.

11. Independent Defendant was at all times relevant to this Complaint, Plaintiffs' employer as defined by the FLSA, 29 U.S.C. § 203(d) and the IWML.

## STATEMENT OF FACTS REGARDING MISCLASSIFICATION CLAIMS FOR PLAINTIFF

**A. Defendant's Compensation Practices Require Plaintiff to Work in Excess of Forty (40) Hours Per Work Week Without Being Paid Time-and-a-Half**

9. Plaintiff was employed by Defendant as a mechanic.

3

10. It is and was at all relevant times, a policy of Defendant that employees which Defendant claimed as "exempt" required to work over 40 hours per week.

11. Plaintiff was typically scheduled and set tasks requiring work of at least 50 hours per week.

12. Plaintiff was paid on a fixed salary of $900 per week of work and classified as "exempt" employee by Defendants.

13. However, Plaintiff had nominal, if any, time and responsibility to exempt duties.

14. The vast majority of Plaintiff's duties entailed non-managerial work, none of which involved the exercise of actual authority.

15. Defendants required Plaintiff to work in excess of forty (40) hours per week without any additional compensation beyond the fixed salary.

16. Plaintiff is not "exempt" employee under applicable law.

17. Plaintiff non-managerial job responsibilities and workload overwhelmed any executive, administrative or strategic duties and thereby do not constitute an exempt class of employees.

18. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

**Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

19. Defendants required and permitted Plaintiff to work more than 40 hours in a week. Defendant did not pay Plaintiff for all of these overtime hours, which

4

should have been paid at the rate of one-and-a-half times the regular rate of pay.

20. Defendants failed to maintain records regarding the Plaintiff's work hours.

21. Defendants had actual knowledge and/or constructive knowledge of the hours worked by Plaintiff was in excess of forty (40) hours and beyond their "scheduled" hours.

22. Defendants' unlawful conduct has been uniform, widespread, repeated and consistent and occurs nationwide.

23. Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

24. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

25. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**FACTUAL STATEMENTS REGARDING WORK DUTIES AND EXEMPT STATUS**

26. Plaintiff's job duties and responsibilities were overwhelmingly menial tasks, mostly involved mechanical work, fixing and repairing cars.

27. 99-100% of Plaintiff's job duties were limited to mechanical work, fixing and repairing cars.

28. Plaintiff's primary duty was "manual work" in that he did only mechanical work, fixing and repairing cars the vast majority of his work time.

5

29. Plaintiff had little to no actual authority or decision making power and/or exercised no discretion and no independent judgement.

30. Plaintiff had no authority to hire fire employees.

31. Plaintiff did not supervise other employees.

32. Plaintiff did not engage in any artistic work for Defendants.

33. Plaintiff did not engage in any other exemption class, such as legal work, computer programing, or acting.

34. Plaintiff's few decisions were not into matters of significance.

35. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

36. All allegations and claims alleged herein are stated upon personal information and knowledge; those not so known are stated based upon information and belief.

37. IMWL **820 ILCS 105/4a** defines "exempt" employees as any employee:

    a. Any employee employed in a bona fide executive, administrative or professional capacity, including any radio or television announcer, news editor, or chief engineer, as defined by or covered by the Federal Fair Labor Standards Act of 1938 and the rules adopted under that Act, as both exist on March 30, 2003, but compensated at the amount of salary specified in subsections (a) and (b) of Section 541.600 of Title 29 of the Code of Federal Regulations as proposed in the Federal Register on March 31, 2003 or a greater amount of salary as may be adopted by the United States Department of Labor. For bona fide executive, administrative, and professional employees of not-for-profit corporations, the Director may, by regulation, adopt a weekly wage rate standard lower than that provided for executive, administrative, and

6

professional employees covered under the Fair Labor Standards Act of 1938, as now or hereafter amended..
38. IMWL allows for actions to be brought for three years.

39. During the IMWL claim period, Defendant classified Plaintiffs as "exempt" employees

40. During the IMWL claim period, Plaintiff never performed the duties which would qualify Plaintiffs as "exempt" employees pursuant to **820 ILCS 105/4a**.

41. Defendants derived benefit by classifying Plaintiff as "exempt" employees in that they failed to pay Plaintiffs time-and-a-half for all hours worked in excess of forty (40) hours per pay period. Nor did the misclassified employee receive adequate employer contributions for FICA and other employer payroll taxes.

42. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

. **Defendant's Compensation Practices Require Plaintiff to Work in Excess of Forty (40) Hours Per Work Week Without Being Paid Time-and-a-Half**

### FAILURE TO PAY OVERTIME RATE OF PAY CORRECTLY

43. Plaintiff was paid as a salaried employee.

44. Plaintiffs was not paid at an overtime rate for all hours over 40 hours.

45. However, Plaintiff ALSO received additional NON-discretionary compensation, in the form of earned bonuses, incentive pay, and/or commissions.

7

46. Thus the added payments to employees by Defendants is not discretionary, thus should be included in the calculation of the rate of pay for overtime wages.

47. The FLSA defines the "regular rate" as **all remuneration** for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.) (emphasis added)

48. Thus if Plaintiff is found to be owed overtime wages the bonuses should be added to the rate of pay for overtime pay.

49. These bonuses include a total bonuses in 2016 (as of November of 2016) of $2,921.69.

## **Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

50. Defendants required and permitted Plaintiff to work more than 40 hours in a week. Defendants did not pay Plaintiff for all of these overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay

51. Defendants failed to maintain records regarding the Plaintiff's work hours.

52. Defendants had a practice of tossing time cards within days of the end of the pay period.

53. Defendants had actual knowledge and/or constructive knowledge of the hours worked by Plaintiff was in excess of forty (40) hours and beyond their "scheduled" hours.

54. Defendants' unlawful conduct has been uniform, widespread, repeated and consistent and occurs nationwide.

55. Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

56. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

57. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
### Over Time Wages
### Under the Illinois Minimum Wage Law "IMWL"

58. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

59. Plaintiff was an employee of the Defendant pursuant to the IMWL and were not paid overtime wages owed to them, and/or not paid at the proper rate of pay for all overtime work.

60. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting Plaintiff.

61. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

62. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in his favor as follows:

    A.    For a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*;

    B.    Liquidated damages in accordance with the IMWL.

C.    Consequential damages;

    D.    An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

    E.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

    F.    Attorneys' fees

G.    and costs of this action; and

H.    Pre-Judgment Interest as per 815 ILCS 205/2

I.    Damages equal to 2% of the amount of any wage underpayments as per 820 ILCS 105/12a.

    J.    Such other relief as this Court shall deem just and proper

### Second Claim for Relief

### FLSA CLAIMS FOR OVERTIME WAGES

63. Plaintiff realleges and incorporates by reference all paragraphs contained in this complaint, as if fully set forth herein.

64. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

65. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiffs employed by Defendant, to misclassify employees as "exempt" employees in order to require exempt to perform work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate.

66. At all relevant times, the work performed by Plaintiff was required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

67. As a result of the Defendants' willful failure to record or compensate Plaintiff for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

68. As a result of the Defendants' willful failure to record, report, credit, and/or compensate Plaintiff, Defendants has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

69. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

70. Plaintiff seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

71. Plaintiff seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

72. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b)..

73. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the FLSA.

74. At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed

payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C. Unpaid regular wages, , and overtime wages pursuant to the FLSA and USDOL regulations;

D. Compensation originating from Defendants company policies, contractual obligations owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to FLSA and USDOL regulations;

F. An injunction requiring Defendants to pay all statutorily-required wages;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J. Attorneys' fees and costs of this action; and

K. Such other relief as this Court shall deem just and proper.

L. Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

M. Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) and attorneys' fees. 29 U.S.C. § 216(b).

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 9, 2017

Respectfully submitted,

By: /S/ John C. Ireland

Attorney for the Plaintiff

John C. Ireland
The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
Facsimile 630-206-0889
attorneyireland@gmail.com
Attorney Number # 628137